UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| ANTONIO JEROME WAITE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5:10-393-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| LaDONNA THOMPSON, Commissioner | ) | REPORT AND RECOMMENDATION |
| Kentucky Department of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On November 17, 2010, Petitioner Antonio Jerome Waite, pro se, filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus. (R. 1). On January 19, 2011, Respondent filed her Answer (R. 6) and a Motion for Summary Judgment (R. 7), to which Petitioner filed a Response. (R. 10). Having all relevant documents before the Court, the matter is now ripe for consideration and preparation of a Report and Recommendation. 28 U.S.C. § 636(b). For the reasons set forth below, it is recommended that Petitioner's § 2254 Petition (R. 1) be **denied** and Respondent's Motion for Summary Judgment (R. 7) be **granted.**

I.   Background

In August 2007, a Fayette County, Kentucky, Circuit Court jury convicted Waite of first-degree trafficking in a controlled substance, second-degree fleeing/evading police, and being a second-degree persistent felony offender. (R. 6-9). The trial court sentenced Waite to 15 years of

imprisonment.[1] (R. 6-10). On direct appeal, the Kentucky Court of Appeals, in affirming the conviction and sentence, recounted the following factual history:[2]

> On March 29, 2006, detectives from the narcotics division of the Lexington Fayette Urban County Government Division of Police received a tip from a confidential informant. According to the tip, an individual named Paul E. Taylor (Taylor) was selling drugs on Race Street in Lexington, Kentucky. Police officers arrived at the specified location one to two hours later, delaying their arrival to protect the identity of the confidential informant. Upon arrival, Waite was seen "walking in concert" with a man fitting the description of Taylor given by the informant. The narcotics detectives were the first to arrive at Race Street, followed closely by Officer Jonathan Bastian (Officer Bastian) and Officer William Nowlin (Officer Nowlin). When the narcotics detectives exited their unmarked cruiser, Waite immediately turned and ran from the approaching officers. Officer Bastian then exited his marked cruiser, and ordered Waite to stop running. When Waite continued running, Officer Bastian gave chase. During the foot pursuit, Officer Bastian observed Waite throw a "white or off-white" substance which struck a nearby residence and fell to the ground. After capturing Waite, Officers Bastian and Nowlin returned to the general location where Waite had discarded the unknown object and retrieved a small baggie of suspected cocaine.
>
> Waite and Taylor were both arrested and charged in a single indictment. The charges against Taylor were later severed and Waite was convicted as charged in the indictment.

(R. 6-14; *Waite v. Commonwealth*, No. 2007-CA-2320-MR, 2009 WL 2475223 (Ky. Ct. App. May 12, 2010)).

Waite raised two issues on direct appeal: 1) whether the trial court erred in denying his motion to suppress the evidence seized; and 2) whether he was entitled to a new trial due to the Fayette Circuit Court Clerk's Office inadvertently destroying a significant portion of the trial record. In affirming the trial court's denial of Waite's motion to suppress, the Kentucky Court of Appeals

---

[1] The jury set Waite's sentence at ten years for first-degree trafficking in a controlled substance and six months for second-degree fleeing/evading police, for which a fine of $500.00 was also imposed. The jury enhanced the sentence to twenty years pursuant to Waite's status as a persistent felony offender in the second degree. The trial court, however, imposed a total sentence of fifteen years of imprisonment.

[2] Factual findings made by state courts based on the trial record are entitled to a presumption of correctness that may be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2

held the trial court correctly found that the officers had a reasonable, articulable suspicion to detain Waite. (*Id.* at *3). The Kentucky Court of Appeals further held that while a portion of the trial record had been destroyed,[3] Kentucky Civil Rule (CR) 75.13 permits a party to supplement the record by compiling a narrative statement based on his recollection of the trial, as well as that of other individuals participating in the trial. The court found Waite's failure to even attempt to provide a supplement was fatal to his request for a new trial. (*Id*.). Waite filed a Motion for Discretionary Review, which the Kentucky Supreme Court denied on May 12, 2010. (R. 6-8).

On November 17, 2010, Waite filed the present federal Petition for a Writ of Habeas Corpus. (R. 1). In his Petition, Waite raises the same two claims he raised on direct appeal to the Kentucky Court of Appeals.[4]

**II.     Analysis**

Waite's Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). The AEDPA sets forth the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

---

[3] The state court record contains a video log reflecting significant events that occurred during the trial. (R. 6-8, 1-5). Although the video was not submitted to this Court for review, the parties appear to agree that a significant portion of the trial is not depicted in the video. There is no indication on the record as to what happened to the recording, but Petitioner contends it was inadvertently destroyed by the Fayette Circuit Court Clerk's Office. (R. 6-11, at 7).

[4] Waite has exhausted his available state court remedies by fairly presenting his claims to the Kentucky Courts. Specifically, he raised both federal claims now at issue in his direct appeal to the Kentucky Court of Appeals (*see* R. 1-1; 6-14), and the Kentucky Supreme Court denied his request for discretionary review (*see* R. 1-2). Thus, Petitioner has given the state a full and fair opportunity to rule on his claims before seeking relief in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (quoting *Williams*, 529 U.S. at 405-06).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. Under AEDPA, the question for this Court to answer "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

### A. Petitioner's Fourth Amendment Claim is not Cognizable on Habeas Review

Waite asserts that his Fourth Amendment rights were violated when the Fayette County Circuit Court denied his motion to suppress evidence found after officers unlawfully chased and stopped him. Waite's Fourth Amendment claim is foreclosed by *Stone v. Powell*, 428 U.S. 465, 494 (1976).

In *Stone v. Powell*, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id*. at 494-95. The Sixth Circuit explains that

> [a]ll that *Stone v. Powell* requires is an 'opportunity' for full and fair consideration of the claim for suppression; it is up to the claimant and his counsel to decide what use, if any, is to be made of the opportunity." *Jennings v. Rees*, 800 F.2d 72, 77 (6th Cir. 1986). A two-pronged test determines whether a petitioner is entitled to habeas review of a Fourth Amendment claim: 1) whether the state has a procedural mechanism which in the abstract presents an adequate opportunity to raise a Fourth Amendment claim, and 2) whether presentation of that claim is frustrated because of the failure of the procedural mechanism. *See Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982).

*Markham v. Smith*, 10 F. App'x 323, 326-27 (6th Cir. 2001).

In *Riley v. Gray,* cited by the Sixth Circuit in *Markham*, the court held that the State of Ohio provided adequate mechanisms for a defendant to raise Fourth Amendment claims through the use of a pretrial motion to suppress and a direct appeal thereof. *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982). The Sixth Circuit explained: "[t]hese rules provide an adequate procedural mechanism for the litigation of fourth amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision." *Id*.

Kentucky's procedural mechanisms for raising Fourth Amendment claims are identical to those found adequate in *Riley*. Kentucky, like Ohio, provides defendants with the opportunity to file

a pretrial motion to suppress to raise and argue their Fourth Amendment claims. Ky. R. Crim. P. 9.78. In addition, if a defendant's motion to suppress is denied, he can appeal that decision to the Kentucky Court of Appeals. Ky. R. Crim. P. 12.04.

Here, Waite availed himself of both opportunities. He initially filed a motion to suppress with the trial court, asserting his Fourth Amendment claims that the stop and chase were unreasonable. (R. 6-3). After judgment was entered, he then filed a direct appeal of the trial court's denial of his motion to suppress. (R. 6-11). After careful consideration, the Kentucky Court of Appeals affirmed the trial court's decision. (*Id.*) Thus, Waite was provided with adequate procedural mechanisms in the state courts for the litigation of his Fourth Amendment claim.

In addition, Waite has not established that his claim was frustrated by these procedural mechanisms as required to meet the second part of the *Stone* analysis. A petitioner cannot establish that the procedural mechanism frustrated his ability to present his claim merely by arguing that the court did not rule in his favor. *See Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000).

Here, the record establishes that Waite was able to present his Fourth Amendment claim to the Kentucky courts. The record demonstrates that the trial court held an evidentiary hearing on his motion to suppress, but found his claims had no merit. (R. 6-7). In addition, the Kentucky Court of Appeals issued an opinion that demonstrates it carefully considered Waite's Fourth Amendment claims and rejected his arguments. (6-14). Waite does not allege that the ability to prove his claims was frustrated because of any failure of the mechanisms provided; he simply disagrees with the Kentucky Courts' decisions.

*Stone* requires only that Waite be granted the opportunity to fully and fairly present his claims in the state courts and that his presentation not be thwarted by any failure of the state's

processes. Here, Waite was afforded such an opportunity and, therefore, these claims are barred by the rule in *Stone v. Powell*.

### B. Petitioner's Claim that Destruction of the Trial Tape Denied him Due Process Lacks Merit

Waite argues that the Fayette Circuit Court Clerk's inadvertent destruction of one of the trial DVDs violated his constitutional right to a meaningful appeal. The Kentucky Court of Appeals rejected this argument, stating:

> Waite contends we must grant him a new trial because a portion of the trial record was destroyed. Waite claims his attempt to appeal has been rendered meaningless by the destruction of a portion of the record. We disagree. While we realize part of the video record of the trial was destroyed, CR 75.13 allows a party to supplement the record by compiling a narrative statement based on his recollection of the trial, as well as that of other individuals who participated in the original trial. Although not specifically required under the rule, courts have generally refused to grant a new trial in the absence of an attempt to supplement the record via a narrative statement. *Davis* [*v. Commonwealth*, 795 S.W.2d 942, 949 (Ky. 1990)]. Waite did not fully avail himself of the procedure outlined in CR 75.13.
>
> It is incumbent upon the appellant to present a complete record to this Court for review. *Steel Technologies, Inc. v. Congleton*, 234 S.W.3d 920, 926 (Ky. 2007); *Davis,* 795 S.W.2d at 948-49. Moreover, "it is the duty of a party attacking the sufficiency of the evidence to produce a record of the proceedings and identify the trial court's error. Failure to produce such a record may preclude appellate review." *Chestnut v. Commonwealth*, 250 S.W.3d 288, 303-04 (Ky. 2008). Since Waite has failed to present this Court with a complete record, we will not undertake a detailed analysis of the merits of his claim.
>
> Furthermore, Waite's only attempt at creating a narrative statement was to contact his trial counsel. Unfortunately for Waite, his previous counsel was unable to remember any specifics about his trial and is no longer practicing law within the Commonwealth. Waite made no attempt to contact the Commonwealth's Attorney or the trial court about preparing a narrative statement despite his stated intention to do so in the motion for an extension of time he filed in his brief to this Court. Waite argues the Assistant Commonwealth's Attorney who prosecuted him is no longer working in that office. Nevertheless, it seems likely the Commonwealth Attorney's office would have maintained a file with notes about what had transpired at trial. Waite has given us no reason to excuse his failure to prepare a narrative statement. Under the facts of this case, we hold this failure to be fatal to his request for a new trial.

7

(R. 6-14; *Waite*, No. 2007-CA-2320-MR, 2009 WL 2475223 at **3-4) (footnote omitted).

The Sixth Circuit has considered the transcript issue and held as follows:

> Although the Supreme Court has held that the due process clause is violated if an indigent defendant is denied a transcript, *Griffin v. Illinois*, 351 U.S. 12, 76 S. Ct. 585, 100 L. Ed. 891 (1956) (plurality opinion), that a state may not block an indigent petty offender's access to an appeal afforded others, *Mayer v. Chicago*, 404 U.S. 189, 195-96, 92 S. Ct. 410, 30 L. Ed.2d 372 (1971), and that a new court-appointed attorney who represents an indigent attorney on appeal (but not at trial) is entitled to the entire trial transcript at public expense, *Hardy v. United States*, 375 U.S. 277, 279-80, 84 S. Ct. 424, 11 L. Ed.2d 331 (1964), it has never held that the absence of a portion of a trial transcript automatically entitles the defendant to a retrial. In fact, in *Mayer*, the Supreme Court acknowledged that a **"complete" record did not necessarily require a verbatim transcript, so long as the state found another means of providing an adequate record.** *Mayer*, 404 U.S. at 194, 92 S. Ct. 410. In other words, "*Mayer* does not stand for the proposition, implicit in [Petitioner's] argument, that where a portion of a trial transcript is missing and unobtainable, and where a defendant makes a claim that could possibly implicate that portion of the transcript, a retrial is always necessary." *Scott v. Elo*, 302 F.3d 598, 604 (6th Cir. 2002) (rejecting that the failure to transcribe a significant portion of the closing argument denied the petitioner due process).
>
> This Court has held that federal habeas relief based on a missing transcript will only be granted where the petitioner can show prejudice. *Bransford v. Brown*, 806 F.2d 83, 86 (6th Cir. 1986). In *Bransford*, as in this case, this Court considered whether the unavailability of transcripts of jury instructions was a per se violation of due process. The trial court in that case had determined that the transcript of the instructions was irretrievable. The petitioner made no specific allegation of error, however. This Court held that there was no per se violation of prejudice, and stated that a **petitioner "must show prejudice resulting from the missing transcripts**." *Id*. at 86. The Court added that "[a]lthough this court recognizes the inherent difficulty in demonstrating prejudice where the transcripts are missing, **petitioner must present something more than gross speculation that the transcripts were requisite to a fair appeal**." *Id*.

*Jackson v. Renico*, 179 F. App'x 249, 252 (6th Cir. 2006) (emphasis added); *see also Glover v. Littlefield*, No. 93-3949, 1994 WL 315228 (6th Cir. 1994) (citing *Bransford v. Brown*, 806 F.2d 83, 86 (6th Cir. 1986)).

Here, as the Kentucky Court of Appeals noted, Kentucky's rules furnish "another means of providing an adequate record." Specifically, CR 75.13 provides:

8

> (1) In the event no mechanical or stenographic record of the evidence or proceedings at a hearing or trial was taken or made or, if so, cannot be transcribed or are not clearly understandable from the tape or recording, the appellant may prepare a narrative statement thereof from the best available means, including his recollection, for use instead of a transcript or for use as a supplement to or in lieu of an insufficient mechanical recording. This statement shall be served on the appellee, who may serve objections or proposed amendments thereto within 10 days after service upon him. Thereupon the statement, with the objections or proposed amendments, shall be submitted to the trial court for settlement and approval, and as settled and approved shall be included in the record on appeal.

The Kentucky court found that while Waite tried to contact his trial counsel, who could not recall the specifics of the trial and no longer practiced law in Kentucky, Waite made no attempt to contact either the Commonwealth's Attorney or the trial court about preparing a narrative statement.[5] (R. 6-14). Waite also did not give a sufficient reason to excuse his failure to prepare a narrative statement regarding his own recollection. (*Id.*). Thus, consistent with the findings of the Sixth Circuit, the Kentucky Court of Appeals held that Waite was not denied due process because he had an alternative means available to him for providing an adequate record.

Moreover, Waite has not articulated anything other than speculation that the transcripts were required for a fair appeal. While Waite asserts that the destroyed record may/would have shown glaring inconsistencies in the "officer(s)'s testimony during jury trial, as opposed to the testimony given during the suppression hearing," he has not set forth what those inconsistencies were or how they would demand a different result. (See R. 6-11, at 11; 10). Thus, he has not demonstrated prejudice as required by the Sixth Circuit. *See Bransford*, 806 F.2d at 86.

Since Waite has not established that the decision of the Kentucky Court of Appeals was contrary to, or involved an unreasonable application of, clearly established federal law as determined

---

[5]This factual finding is presumed correct pursuant to 28 U.S.C. § 2254(e).

by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings, his Petition is not well taken.

### III. Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. A certificate may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of Petitioner's § 2254 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that a certificate of appealability be **denied** upon the District Court's entry of its final order in this matter.

### IV. Conclusion and Recommendation

For the reasons stated herein, **IT IS RECOMMENDED** that:

(1) Petitioner Waite's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (R. 1) be **denied;**

(2) Respondent's Motion for Summary Judgment (R. 7) be **granted**;

(3) A Certificate of Appealability be **denied** by the District Court in conjunction with the Court's entry of its final order in this matter; and,

(4) This action be **stricken** from the active docket of this Court.

Specific objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd,* 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen (14) days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

Dated this 25th day of April, 2011.



Signed By:
*Candace J. Smith*
**United States Magistrate Judge**

G:\DATA\habeas petitions\2254 General\10-393 Waite R&R.wpd