UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| ANTONIO JEROME WAITE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 10-393-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| LaDONNA THOMPSON, Commissioner | ) | **MEMORANDUM OPINION** |
| Kentucky Department of Corrections, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

*** *** *** ***

This matter is pending for consideration of Petitioner Antonio Waite's Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. [Record No. 1] Consistent with local practice, the matter was referred to United States Magistrate Candace J. Smith for consideration pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Smith filed her Report and Recommendation on April 25, 2011. [Record No. 11] Based on her review of the record and the applicable law, the Magistrate Judge recommended that Waite's petition be denied. Magistrate Judge Smith informed the parties that objections must be filed within fourteen days of the date of service or further appeal would be waived. [See *id.*, p. 11 (citing *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984))] That time has passed, and neither party has filed objections.

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual

-1-

or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See id.* at 147–48; *Wright v. Holbrook*, 794 F.2d 1152, 1154–55 (6th Cir. 1986). Nevertheless, having examined the record and having made a *de novo* determination regarding all issues raised herein, the Court is in agreement with the Magistrate Judge's Report and Recommendation.

Waite is currently serving a fifteen-year term of imprisonment on state charges. In 2007, a Fayette County, Kentucky jury convicted Waite of first-degree trafficking in a controlled substance, second-degree fleeing/evading police, and being a second-degree persistent felony offender. Waite appealed his sentence to the Kentucky Court of Appeals, arguing: (1) that the trial court incorrectly denied his motion to suppress and (2) that he was entitled to a new trial because the Fayette Circuit Court Clerk's Office inadvertently destroyed a portion of the trial record. The Kentucky Court of Appeals affirmed Waite's conviction. It found that the trial court correctly denied his motion to suppress and that he had waived his second argument by failing to supplement the record by personal narrative in accordance with Kentucky Civil Rule 75.13. Waite filed a Motion for Discretionary Review with the Kentucky Supreme Court, but that motion was denied. Waite then filed the current Petition for a Writ of Habeas Corpus on November 17, 2010. [Record No. 1] In his petition, Waite relies on the same two arguments raised on direct appeal to the Kentucky Court of Appeals. He claims his motion to suppress was incorrectly denied and that he deserves a new trial due to the lost transcript.

Magistrate Judge Smith correctly concluded that neither of these arguments has merit. First, Waite's Fourth Amendment claim is barred by the rule set out by the Supreme Court in *Stone v. Powell*, 428 U.S. 465, 494 (1976). In *Stone,* the Court explained that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 494–95. The Kentucky state court provided a wholly adequate opportunity for full and fair litigation of Clark's claim. *See Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982) (holding that a pretrial motion to suppress and opportunity for direct appeal "provide an adequate procedural mechanism for litigation of fourth amendment claims"). Waite availed himself of those procedure by filing a motion to suppress with the trial court and appealing its ruling to the Kentucky Court of Appeals. Waite was given the opportunity to fully and fairly present his Fourth Amendment claims, and § 2254 does not provide him another opportunity to litigate thos claims in federal court.

Likewise, Magistrate Judge Smith correctly concluded that Waite has not demonstrated any prejudice as a result of the missing transcripts. The Sixth Circuit has explained that, "federal habeas relief based on a missing transcript will only be granted where the petitioner can show prejudice." *Jackson v. Renico*, 179 F. App'x 249, 252 (6th Cir. 2006) (citing *Bransford v. Brown*, 806 F.2d 83, 86 (6th Cir. 1986)). First, as the Kentucky Court of Appeals pointed out, Waite had an alternative means to provide an adequate record by creating a narrative of the proceedings. *See* Kentucky Civil Rule 75.13. However, he did not avail himself of that option.

Further, Waite has not articulated any specific elements of the transcript that would have altered the Kentucky Court of Appeals' decision. At best, he has made vague references to inconsistencies in the officers' testimony at trial and during suppression, but has failed to articulate the nature of those inconsistencies or how they would have altered the Kentucky Court of Appeals' decision. In short, Waite has failed to demonstrate the prejudice caused by his missing transcripts. *See Bransford*, 806 F.2d at 86.

Waite has failed to meet his burden for relief pursuant to § 2254. He has not established that the decision of the Kentucky Court of Appeals was contrary to, or involved an unreasonable application of, clearly established federal law. Nor has he shown that the court's decision was an unreasonable determination of the facts in light of the evidence presented. His Petition is without merit, and will be denied. Further, Waite has not shown that a Certificate of Appealability should issue.[1] Accordingly, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation [Record No. 11] is **ADOPTED** and **INCORPORATED** by reference.

---

1   A Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (emphasis and brackets in original) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). In the present case, Waite has not made a substantial showing of a denial of a constitutional right. Likewise, he has not demonstrated that the issues he now seeks to raise are debatable among jurists of reason or that the questions are adequate to deserve encouragement to proceed further.

2. Waite's Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, [Record No. 1] is **DENIED**;

3. Respondent LaDonna Thompson's Motion for Summary Judgment [Record No. 7] is **GRANTED**;

4. A Certificate of Appealability shall not issue because Waite has not made a substantial showing of the denial of any substantive constitutional right;

5. This habeas proceeding shall be **DISMISSED** and **STRICKEN** from the docket.

This 13th day of May, 2011.

Signed By:
*Danny C. Reeves* DCR
United States District Judge